United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41187
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL CASTILLO-RESENDEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-391-ALL
---------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

Rafael Castillo-Resendez appeals the sentence imposed following his guilty plea to illegal reentry. We affirm.

Castillo argues for the first time on appeal that the district court erred in sentencing him under the mandatory Sentencing Guideline regime held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Castillo, however, has not borne his burden of establishing that the district court's error affected the outcome of his proceedings. See United States

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. <u>Valenzuela-Quevedo</u>, No. 03-41754, 2005 WL 941353, at *3 (5th Cir. Apr. 25, 2005).  The district court considered but denied Castillo's motion for a downward departure based on the violent nature of his aggravated assault conviction.  The record does not indicate that the district court would have imposed a "significantly different" sentence under an advisory scheme.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. Mar. 4, 2005), <u>petition for cert. filed</u>, (No. 04-9517 (U.S. Mar. 31, 2005).  Castillo therefore has not shown plain error.

Castillo concedes that the issue whether 8 U.S.C. § 1326(b)(1)&(2) were rendered unconstitutional by <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and subsequent Supreme Court precedent is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), and he raises it solely to preserve its further review by the Supreme Court.  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  We therefore must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.